IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,
    Petitioner

vs. : CIVIL NO. 1:CV-11-1904

WARDEN B.A. BLEDSOE,
    Respondent

*M E M O R A N D U M*

    The pro se petitioner, Timothy Hatten, a federal inmate, filed this 28 U.S.C. § 2241 petition challenging on due-process grounds four prison disciplinary proceedings. We denied relief. We are considering Petitioner's timely filed motion for reconsideration under Fed. R. Civ. P. 59(e).

    By way of some background, sanctions were imposed in the four proceedings, but only one of the proceedings resulted in the loss of good-time credit. In disciplinary proceeding No. 2129430, the Unit Disciplinary Committee (UDC) imposed sixty days' loss of telephone privileges for failing to stand for count and refusing to obey an order. In No. 2117968, the UDC imposed 60 days' loss of telephone privileges for failure to follow safety and sanitation regulations and destruction of government property having a value of $100 or less. In No. 2171890, the UDC imposed 60 days' loss of visiting privileges for refusing to obey an order. In No. 2107538, the Discipline Hearing Officer (DHO) imposed the loss of twenty-seven days of good-time credit for interfering

with a security device and refusing an order after Petitioner was charged with refusing to remove his arm from his cell's food slot.

On May 14, 2012, the magistrate judge filed a report and recommendation, recommending that the petition be denied. The magistrate judge reasoned that the petition was meritless because Petitioner had no right to due process in the three disciplinary hearings that did not result in the loss of good-time credits and that he had received all the process that was due under *Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963, 2978-82, 41 L.Ed.2d 935 (1974), in No. 2107538. Petitioner filed objections. On July 24, 2012, we entered a one-page order, noting that objections had been filed, adopting the magistrate judge's report and denying the petition.

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* It cannot be used simply to reargue issues that the court has already considered and disposed of. *Blanchard v. Gallick*, No. 09-1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)(Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

We will deny the reconsideration motion because there were no errors of law or manifest injustice in our July 24 ruling denying relief.

First, Petitioner argues Respondent has waived his right to object to certain of Petitioner's due-process arguments concerning his disciplinary proceedings. We disagree. Petitioner broadly claimed that the disciplinary hearings violated due process, and Respondent answered by showing that under *Wolff* due process had been satisfied. Even if Respondents had "waived" any response to particular due-process claims, the court would still have had to have evaluated the merits of those claims. *Cf. Lemons v. O'Sullivan,* 54 F.3d 357, 364–65 (7th Cir. 1995)(default judgments are not appropriate in 28 U.S.C. § 2254 proceedings); *United States v. Greenslade,* No. 04-405, 2009 WL 1507290 (M.D. Pa. May 28, 2009)(Caldwell, J.)(default judgments are not appropriate in § 2255 motions, citing *Lemons*).

Second, Petitioner argues that under *Van Kahl v. Brennan*, 855 F. Supp. 1413 (M.D. Pa. 1994), due process was violated when the Bureau of Prisons (BOP) failed to adhere to its own regulations and program statements during the disciplinary hearings, not just to the due-process requirements of *Wolff*. We reject this claim. As the court in *Van Kahl* noted, when the minimum requirements of *Wolff* have been met, "an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated. *Id.* at 1421. *See also Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011)(nonprecedential)(quoting *Van Kahl*). Petitioner has asserted no prejudice from any alleged violation of other applicable BOP directives.

Third, Petitioner contends BOP officials failed to appoint an impartial investigative officer and to conduct an adequate investigation in No. 2107538. Contrary to Petitioner's assertion, this claim was never presented in his habeas petition, but it lacks merit in any event. Petitioner's claim that officials failed to appoint an impartial investigator relates to his claim that the DHO improperly returned the incident report to be reinvestigated because the original investigating officer was personally involved in the incident. (Doc. 1-1, DHO report, ECF p. 4). Petitioner thinks that a reinvestigation by an impartial investigating officer violates due process but cites no authority to support that contention. Indeed, the DHO's return of the incident report for appointment of a new investigator protected his due process rights. As for the claim that there was an inadequate investigation, Petitioner does not specify how the investigation was inadequate. In any event, he has no right to an adequate prehearing investigation. *See Diaz v. McGuire*, 154 F. App'x 81, 85 (10th Cir. 2005)(nonprecedential).

Fourth, Petitioner claims he was deprived of the opportunity to present a video of the food-slot incident that would have exonerated him when prison staff "erroneously mishandled and destroy[ed] the evidence." (Doc. 14, Mot. for Recon., ECF p. 5). In his objections, Petitioner characterized the loss of the videotape as resulting from "staff negligence" in failing to preserve it after his timely request that they do so. (Doc. 9, ECF p. 5). We reject this claim. Petitioner cites *Howard v. United States Bureau of Prisons*, 487 F.3d 808 (10th Cir. 2007), in support, but that case is distinguishable. In *Howard*, the Tenth Circuit held that a DHO's "unjustified refusal to produce and review" a

-4-

videotape violated due process. *Id.* at 814. In the instant case, the DHO could not produce or review the videotape because it no longer existed.[1] This issue is controlled by *Griffin v. Spratt*, 969 F.2d 16 (3d Cir. 1992), where the Third Circuit held that due process is violated only when the evidence has been destroyed in bad faith. *Id.* at 17-18. Since there was no bad faith here in the loss of the videotape, due process was not violated.

Fifth, Petitioner asserts that his right to due process was violated when the DHO failed to provide his staff representative with a copy of the investigator's report. He cites *Young v. Kann*, 926 F.2d 1396 (3d Cir. 1991), in support. This claim was not raised in the petition, but it lacks merit in any event. *Young* cited a regulation, 28 C.F.R. § 541.14(b)(2)(2010)(no longer in effect), that recognized that a staff representative could see the investigative report. 926 F.2d at 1405. However, any right conferred by this

---

[1] The DHO's report dealt with this issue. The DHO noted that even though Petitioner had timely requested that the videotape be preserved, by the time of the hearing the tape had been recycled. The DHO made no finding that the loss of the tape was deliberate. (Doc. 1-1, DHO report, ECF p. 7). It appears that the loss was inadvertent. Petitioner himself says that the loss resulted from negligence.

regulation is not part of *Wolff*'s due-process requirements.[2]  Thus Petitioner has to show prejudice from a violation of the regulation.  Petitioner has presented no prejudice.

Sixth, Petitioner argues due process was violated when his staff representative failed to assist or consult with him, failed to interview witnesses, failed to present evidence in Petitioner's favor and failed to request a continuance of the hearing. In support, Petitioner alleges that his staff representative supposedly said at the DHO hearing that he had no knowledge of Petitioner's case, had not received the investigator's report, and that he was not familiar with Petitioner's case.  We reject this claim.  It was not raised in the petition, but it lacks merit in any event.  Petitioner fails to specify what witnesses should have been called, the testimony they would have presented, what evidence should have been presented and why a continuance should have been requested.

Seventh, Petitioner argues that his due process rights were violated because his staff representative was also certified as an alternate discipline hearing officer.  He relies on 28 C.F.R. § 541.17(b)(no longer in effect), which provides, in

---

[2] In *Wolff,* the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."

*McGee v. Scism*, 463 F. App'x 61, 63 (3d Cir. 2012)(nonprecedential)(quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)).  There must also be "some evidence" supporting the DHO's finding.  *Id.* (quoting *Hill,* 472 U.S. at 454, 105 S.Ct. at 2773).

pertinent part, that: "The Warden, the DHO or alternate DHO, the reporting officer, investigating officer, a witness to the incident, and UDC members involved in the case may not act as staff representative."  Respondent counters that this regulation was not violated because the DHO was "not involved in the case."  We are not sure that the phrase "not involved in the case" modifies "alternate DHO" as well as "UDC members," but this claim lacks merit because *Wolff* does not require that the staff representative receive a copy of the investigator's report, and Petitioner has not shown he was prejudiced if his staff representative did not receive the report.

        Finally, Petitioner argues that he can challenge the three disciplinary decisions that did not result in loss of good-time credits because those decisions impact his ability to earn good-time credits.  (Doc. 14, Mot. for Recon., ECF p. 8, referencing doc. 6, Pet'r's Traverse, ECF pp. 2-3).  As Petitioner states in his traverse, the BOP allegedly uses these erroneous disciplinary decisions "to recognize certain privileges which include but [are] not limited to participating in the 500 hrs drug program to earn one (1) year good time credit and Unicor Prison Job Training Program, furloughs and outside work details, custody and security classifications, quarter assignments and the opportunity to earn money and good time credit."  (Doc. 6, ECF p. 3).  Petitioner continues that he should be able to challenge in habeas the three decisions because they will be used "in the future in making adverse decision[s] in determining if Petitioner will be eligible to participate to enroll in certain courses to earn good time credit," (id.), thereby affecting the length of his sentence.

We reject Petitioner's claim. First, he does not say that these disciplinary decisions were in fact used to deny him a chance to earn good-time credits. Second, he cites many situations arising in the prison environment, a drug treatment program, the Unicor job program, furloughs, outside work details, custody classifications, security classifications, and housing assignments, but he does not allege how in any of these areas he would be subject to a diminished ability to earn good-time credits. Nor does he point to a prison regulation or program statement that authorizes the BOP to reduce or eliminate his good-time credits in these areas.

Moreover, these are areas of prison life where due process generally does not apply, as *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172 (3d Cir. 2007) (nonprecedential), cited by Petitioner in support of his argument, makes clear. In *Castillo*, the Third Circuit held that the loss of phone and visitation privileges is not cognizable in a section 2241 petition because it does not affect the execution of the inmate plaintiff's sentence. *Id.* at 175. The court also ruled that there was no due-process claim because the loss of those privileges was "not a dramatic departure from the accepted standards for conditions of confinement," *id.*, citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin*, the Supreme Court stated that in the prison context, due process protection is limited to those situations where the condition imposed an

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300.

We will issue an appropriate order.

 /s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 4, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,
     Petitioner

vs.                       CIVIL NO. 1:CV-11-1904

WARDEN B.A. BLEDSOE,
     Respondent

*O R D E R*

AND NOW, this 4th day of October, 2012, it is ordered that Petitioner's motion (Doc. 14) under Fed. R. Civ. P. 59(e) for reconsideration of the order of July 24, 2012, (Doc. 13) is denied.

                                               /s/William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge